JUDGE LIMAN

25 CV 07797

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MS. RENEA SUTTON, Individually,
c/o BLM Legal Defense & Education
Fund, Inc.
244 5th Avenue, Suite R237
New York, NY 10001

Plaintiff,

-against-

LIGHTNING SHARED SCOOTER
COMPANY, LLC
5239 CHOLLAS PARK WAY
SAN DIEGO, CA 92105

LIGHTNING SHARED SCOOTER
CO., LTD.
1091 18TH STREET
DENVER, CO 80202

JOHN OR JANE DOE #1
subscriber assigned IP address
https://crowncox.com

JOHN OR JANE DOE #2
subscriber assigned IP address
https://crowncox.com

JOHN & JANE DOES #3 – #20,
FICTITIOUS BUSINESS ENTITIES
AND/OR PERSONS WHOSE TRUE
NAMES AND CAPACITIES ARE
PRESENTLY UNKNOWN TO
PLAINTIFF

Defendants.

**COMPLAINT FOR VIOLATIONS OF THE RACKETEER, INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1964 (c); CONSPIRACY TO COMMIT FRAUD; FRAUD; BREACH OF CONTRACT; CONVERSION; UNJUST ENRICHMENT; BREACH OF FIDUCIARY DUTY; AND RELATED CLAIMS.**

**CIVIL ACTION**

**CASE NUMBER:** ______________________

**JURY TRIAL DEMANDED**

***COMPLAINT FOR VIOLATIONS OF THE RACKETEER, INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1964 (c); CONSPIRACY TO COMMIT FRAUD; FRAUD; BREACH OF CONTRACT; CONVERSION; UNJUST ENRICHMENT; BREACH OF FIDUCIARY DUTY; AND RELATED CLAIMS.***

***COMES NOW*** *the plaintiff, Renea Sutton, individually, being self-represented, as and for a Complaint against the defendants above named, states, alleges, and avers as follows:*

**PRELIMINARY STATEMENT**

1. Plaintiff, Renea Sutton, brings this civil action to recover, *inter alia*, money damages for the fraudulent and willful acts and omissions committed by defendants Lightning Shared Scooter Company, LLC, Lightning Shared Scooter, Co., Ltd., John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as Crown Cryptocurrency Investments Group, and John and Jane Does #3-#20 (defendants herein collectively "LSSC Enterprise") pursuant to the *Racketeer Influenced and Corrupt Organizations Act (RICO),* 18 U.S.C. §§ 1961- 1968.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to (I) 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, specifically the *Racketeer Influenced and Corrupt Organizations Act ("RICO")*, 18 U.S.C. §§ 1961-1968.

3. Venue is proper in the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(c), in that the plaintiff resides in this judicial district, and 18 U.S.C.

§ 1965 because defendants, directly or indirectly, conduct affairs in this District, transact business here, and/or the events giving rise to these claims occurred in this District.

**DEMAND FOR TRIAL BY JURY**

4. Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues so triable.

**NO IMMUNITY UNDER STATE LAW**

5. Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendants complained of herein were practiced with actual malice and reckless disregard towards plaintiff and her legal rights and property interests, and were willful, and constituted malicious, intentional, willful, outrageous, reckless, and flagrant misconduct, so as to deprive the defendants of any immunity under the laws of any State. Plaintiff further avers that any State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's federally guaranteed rights cannot be immunized by State law.

**PARTIES**

6. At all times herein, plaintiff Renea Sutton, is a citizen of the United States and a resident of the City of New York, County of New York, State of New York. Plaintiff is a disabled veteran of the U.S. Army. Plaintiff is an investor in defendants' LSSC Enterprise. She is suing in her individual capacity.

7. At all times herein, defendant Lightning Shared Scooter Company, LLC is a corporation formed under the laws of the State of California and is headquartered in the City of San Diego.

8. At all times herein, defendant Lightning Shared Scooter Co., Ltd. is a corporation formed under the laws of the State of Colorado and is headquartered in the City of Denver.

9. At all times herein, as to defendant John or Jane Doe #1, plaintiff is ignorant of the true name and capacity of this defendant and therefore sues this defendant by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that this fictitiously named defendant is a corporation or unincorporated entity or person responsible, in some manner, while acting as an enterprise within the meaning of 18 U.S.C. §1964 (4) and 18 U.S.C. §1961 (3), in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., for the tortuous acts, occurrences, and transactions alleged herein.

10. At all times herein, defendant John or Jane Doe #1, acting as an enterprise and in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., operates online as ACE ALLIANCE at a web location being https://crowncox.com with the sole purpose to maintain and carry forward the tortuous acts, occurrences, and transactions alleged herein.

11. Plaintiff will amend this complaint to allege the true names and capacities defendant John or Jane Doe #1 when ascertained.

12. At all times herein, as to defendant John or Jane Doe #2, plaintiff is ignorant of the true name and capacity of this defendant and therefore sues this defendant by such fictitious names.

Plaintiff is informed and believes, and therefore alleges, that this fictitiously named defendant is a corporation or unincorporated entity or person responsible, in some manner, while acting as an enterprise within the meaning of 18 U.S.C. §1964 (4) and 18 U.S.C. §1961 (3), in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., for the tortuous acts, occurrences, and transactions alleged herein.

13. At all times herein, defendant John or Jane Doe #2, acting as an enterprise and in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., operates online as CROWN CRYPTOCURRENCY INVESTMENTS GROUP at a web location being https://crowncox.com with the sole purpose to maintain and carry forward the tortuous acts, occurrences, and transactions alleged herein.

14. Plaintiff will amend this complaint to allege the true names and capacities defendant John or Jane Doe #2 when ascertained.

15. At all times herein, as to defendants John or Jane Doe #3 - #20, plaintiff is ignorant of the true name and capacity of these defendants and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that these fictitiously named defendants are a corporation or unincorporated entity or persons responsible, in some manner, while acting as an enterprise within the meaning of 18 U.S.C. §1964 (4) and 18 U.S.C. §1961 (3), and in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., for the tortuous acts, occurrences, and transactions alleged herein.

16. At all times herein, defendants John or Jane Doe #3 - #20, acting as an enterprise and in concert with named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., and operating online now as ACE ALLIANCE and CROWN CRYPTOCURRENCY INVESTMENTS GROUP at a web location being https://crowncox.com substantially like they previously operated as named defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd., at a web location being https://lsscres.com with the sole purpose to maintain and carry forward the tortuous acts, occurrences, and transactions alleged herein.

17. At all times herein, defendants John and Jane Doe #3 - #20 are facilitators, managers, owners and operators, appearing online at https://lsscres.com and https://crowncox.com, using real or fictitious names such as John, Mia, Francois, Danny, Ethan, Paul, Kevin and Professor Eric.

18. At all times herein, plaintiff will amend this complaint to allege the true names and capacities of defendants John or Jane Doe #3 - #20 when ascertained.

19. At all times herein, all defendants in this action constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4) of the *Racketeering Influenced and Corrupt Organizations Act (RICO)* being an individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

## STATEMENT OF RELEVANT FACTS

### Investment Structures

20. At all times herein, on or about May 20, 2025, plaintiff entered into a written three-year contract with defendants to purchase and invest in its' scooter products. Plaintiff invested in other products defendants offered on defendants' public website, which defendants openly and notoriously promoted.

21. At all times herein, plaintiff purchased and invested in defendants' products, like the Millionaire Training Program with guaranteed returns. Table #1 illustrate the terms and conditions of defendants' offer to investors in the Millionaire Training Program. Plaintiff accepted and relied upon terms and conditions outlined in defendants' Millionaire Training Program flyer. Plaintiff did reach the "Wealth Plan" level of the program at the time defendants unilaterally terminated and breached the contract with plaintiff.

LSSC Enterprise - Table #1



Lightning

Millionaire Training Program

Starting today, as long as your account balance reaches the specified level, you can enjoy more extra trading signals every day and easily double your profits

| | | | | |
|---|---|---|---|---|
| Beginner | $1-$6999 | 1 session | Daily Income $200+ | Monthly Income $6,135 |
| Primary | $7000-$19999 | 2 sessions | Daily Income $400+ | Monthly Income $22,810 |
| Intermediate | $20000-$49999 | 3 sessions | Daily Income $600+ | Monthly Income $49,431 |
| Advanced | $50000-$199999 | 4 sessions | Daily Income $800+ | Monthly Income $97,651 |
| Both new and existing users can recharge to reach the corresponding balance level above to enjoy additional trading signals. | | | | |
| Wealth Plan | Above $200,000 | 4 sessions / Profit rate 3% | Daily Income $25,101 | Monthly Income $6,742,197 |

Note: Once the balance reaches 200,000 USD, you can join the Wealthy Program. The daily profit rate increases from 2% to 3%, making it easy to achieve a monthly income of over a million. However, joining requires applying through a manager and undergoing qualification review.

Starting today, your balance determines your income!
At LSSC, we don't just focus on whether you work hard—it's about how well you plan ahead.

22. At all times herein, defendants offered multiple online investment opportunities on platforms with identities referred to as LSSC, LSSB and LTEC, platforms that were used to market scooters, merchandise and signal trading, respectively. Plaintiff, at various times between on or about May 20, 2025 and to on or about August 15, 2025, invested in all three of these platforms.

23. At all times herein, using funds from a bank in the United States, with such bank being F.D.I.C. insured, plaintiff wired or transferred U.S. Dollars to the defendants, usually in the form of cryptocurrency, to transact business.

24. At all times herein, defendants have wired or transferred funds to plaintiff, usually in the form of cryptocurrency that plaintiff then converted to U.S. Dollars and transferred to plaintiff bank.

25. At all times herein, dozens of wired financial transactions took place between plaintiff and defendants from on or about May 20, 2025 and to on or about August 15, 2025.

26. At all times herein, on or about August 15, 2025, or when defendants breached their contracts with plaintiff, plaintiff had amassed a sum certain in capital investments and reinvested profits with defendants totaling $7,350,933.00 (seven-million-three-hundred-fifty-thousand-nine-hundred-thirty-three dollars.

27. At all times herein, plaintiff invested in all three investment opportunities promoted by defendants and accumulated capital investments and profits at the time defendants breach their contracts with plaintiff, to wit: LSSC ($99,644.00); LSSB ($108,659.00); LTEC ($7,142,630.000).

28. At all times herein, plaintiff losses far exceed those losses as of on or about August 15, 2025 in as much as the LSSC contract was for a three-year term and the LTEC contract was provided no fix term, only a guaranteed minimum monthly return.

Inducements & Operations

29. At all times herein, defendants maintained a robust marketing campaign throughout the United States, online, with organized conventions and other social functions to attract investors and market their products.

30. At all times herein, defendants maintained a website where investors, like plaintiff, could monitor their investments, make new investments and withdraw profits.

31. At all times herein, defendants, particularly John and Jane Does #3 - #20, using screen names John, Mia, Francois, Danny, Ethan, Paul, Kevin and Professor Eric, interacted with plaintiff, via an online chat room known as BonChat, where plaintiff and other investors could field questions about defendants' products, trouble shoot technical problems plaintiff and others may encounter while navigating the defendants' online platforms.

32. At all times herein, defendants hosted conventions for the solicitations and rewarding of investors in Philadelphia, PA, Dallas, TX and New York City. At these conventions, as well as through defendants' online website, investors were rewarded with luxury cars, exotic trips and other prizes.

33. At all times herein, between on or before May 20, 2025 and to July 30, 2025, defendants did reward plaintiff with three gifts won by plaintiff during a nightly online raffle

hosted by defendants to encourage online participation by plaintiff and other investors. Plaintiff's gifts were shipped to her by defendants on three separate occasions by mail.

34. At all times herein, defendants incorporated YOUTUBE videos as part of its online marketing campaign, notably videos hosted by an agent of defendants, a self-identified spokesman named Professor Eric.

35. At all times herein, defendants, using Professor Eric as a spokesman during a YOUTUBE video, asserted defendants' registration with the United States Department of Treasury, Financial Crimes Enforcement Network, pursuant to 31 U.S.C. § 310, as a Money Services Business, was sufficient and conclusive evidence of defendants' legitimacy and assurance that defendants' operation was legal and subject to United States Department of Treasury oversight. Defendants registered with the Financial Crimes Enforcement Network on May 5, 2024. Defendants claimed in its' Financial Crimes Enforcement Network registration that defendants would be conducting business in the State of New York and nearly every other State within the United States.

36. At all times herein, defendant Lightning Shared Scooter Company, LLC, a corporation formed under the laws of the State of California, or any of the defendants, never applied for or registered for or secured a money transfer license, as required by the California Money Transmission Act (MTA)(Cal. Fin. Code § 2000 et seq.).

37. At all times herein, defendant Lightning Shared Scooter Co., LTD., a corporation formed under the laws of the State of Colorado, or any of the defendants, never applied for or

registered for or secured a money transfer license, as required by the Colorado Money Transmission Modernization Act (HB25-1201).

38. At all times herein, in furtherance of its' marketing plan to induce plaintiff and others to invest in defendants' operations, on or about June 25, 2025, defendants did boast and broadcast on its' website that it had attracted just over 3,000,000 (Three-Million) investors to subscribe to its LSSC scooter business.

39. At all times herein, defendants' offered investors 7 classes or tiers to invest in defendants' LSSC scooter business. The investment classes or tiers ranged from $960.00 (lowest) to $125,000 (top). Plaintiff began her investments in the LSSC scooter business at its' lowest level ($960) and eventually increased her level of investment to $23,000.00.

40. At all times herein, *arguendo*, by defendants' own public statements, admissions, and investment opportunity materials, at the very least, defendants attracted as much as $2,880,000,000.00 ($2.88-Billion-Dollars) based on investors solely investing in the LSSC scooter business at the lowest possible investment level by July 1, 2025. Other investments in defendants' other investment platforms, LSSB and LTEC, as plaintiff did, are not included in this $2.88-Billion-Dollar projection.

41. At all times herein, up to on or about July 25, 2025, defendants conducted business with plaintiff as plaintiff pursuant to a written contract and as plaintiff expected, providing for distribution of profits, reinvestment of profits, and the satisfaction of all contract conditions.

42. At all times herein, defendants never indicated, disclosed or otherwise made plaintiff aware of any potential third party that could adversely impact the contracts between plaintiff and defendants.

Bad Faith & Fraudulent Conveyances

43. At all times herein, on or about July 30, 2025 and continuing until on or about August 15, 2025 defendants, unilaterally and without consent of plaintiff, engaged in a series of management decisions that were carried out intentionally, knowingly, wantonly, maliciously, and recklessly under the guise of defendants acting in the best interests of investors but, in fact, were pretextual and employed to disguise defendants' true intentions to unjustly enrich themselves and conspire to defraud plaintiff and others of all their investments in the LSSC Enterprise.

44. At all times herein, on or about July 30, 2025 defendants cease to distribute any funds to plaintiff, alleging that defendants' operations had been a victim of massive fraud, citing one of its' agents, Professor Eric, as being responsible for engaging in massive fraud.

45. At all times herein, on or about July 30, 2025, defendants demanded plaintiff and others to submit to a verification process, for which plaintiff and others would have to pay a refundable verification fee in order to have accounts returned to normal operation.

46. At all times herein, plaintiff did pay a $2,300 verification fee to defendants on or about July 31, 2025.

47. At all times herein, as of August 15, 2025 plaintiff has not had access to her accounts with defendants and defendants has failed to remit any funds to plaintiff pursuant to the terms and conditions of its' contract with plaintiff.

48. At all times herein, as of August 15, 2025, defendants have withheld plaintiff's investment funds and generated profits, claiming that all of its' funds have been frozen by a third party and will not be release until on or about the winter of 2027.

49. At all times herein, as of August 15, 2025, defendants recommended plaintiff and others cease investing in defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd.

50. At all times herein, as of August 15, 2025, defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd. recommended plaintiff and others invest in John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as Crown Cryptocurrency Investments Group as a way to recover from losses incurred by investing in defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd.

51. At all times herein, defendants, in concert, acted in bad faith, unjustly enriched themselves and fraudulantly conveyed plaintiff's assets to an entity wholly controlled by defendants.

52. *See,* LLSC Enterprise – Table #3 below, where defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd. direct plaintiff and others to another website and platform that they created, owned, operated and staffed with the same person responsible for the Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd. operations.

**LSSC Enterprise - Table #3**

LSSC-Danny

ACE stands for Active, Credible, Excellent, implying that we will regroup our strength after the storm and continue to move forward with the team. We are still led by our core team, and we are still fighting side by side with our familiar partners.

LSSC-Danny

New cooperation platform: Crown Cryptocurrency Investments Group 23:20

LSSC-Danny

After our repeated investigations and negotiations, we finally chose a more stable and reliable cooperation platform.

LSSC-Danny

Crown Cryptocurrency Investments Group is a professional exchange investment platform, with its core business focused on flexible investments through the rise and fall of the cryptocurrency market to earn profit from price differences.

53. At all times herein, defendants Lightning Shared Scooter Company, LLC and Lightning Shared Scooter Co., Ltd. and defendants John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as Crown Cryptocurrency Investments Group are one and the same and are operated by the same persons identified herein as John and Jane Doe #3 - #20 facilitators, managers, owners and operators, appearing online at https://lsscres.com and https://crowncox.com, using real or fictitious names such as John, Mia, Francois, Danny, Ethan, Paul, Kevin and Professor Eric, employing same marketing strategies.

54. At all times herein, on or about September 9, 2025 defendants John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as

Crown Cryptocurrency Investments Group, publicly, openly and notoriously announced on their website that they had secured 600,000 subscribers, each investing no less than $500.00.

55. At all times herein, by their own public admission, defendants John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as Crown Cryptocurrency Investments Group obtained $300,000,000.00 (Three-Hundred Million) in new investments.

56. At all times herein, defendants Lightning Shared Scooter Company, LLC, Lightning Shared Scooter, Co., Ltd., John or Jane Doe #1, currently operating online as Ace Alliance, and John or Jane Doe #2, currently operating online as Crown Cryptocurrency Investments Group, and John and Jane Does #3-#20 have conspired and schemed to defraud plaintiff and others of their monies and unjustly enrich themselves of no less than $4.18 Billion Dollars.

LSSC Enterprise - Table #2



**COUNT ONE**
**AS AND FOR A FIRST CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**VIOLATION OF THE RACKETEER, INFLUENCED**
**AND CORRUPT ORGANIZATIONS ACT (RICO)**
**18 U.S.C. § § 1961 – 1968**

57. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

58. At all times herein, defendants, and each of them, were "persons" within the meaning of 18 U.S.C. § 1961 (3).

59. Defendants, and each of them, constituted an "enterprise" within the meaning of 18 U.S.C. § 1961 (4), which was engaged in, and the activities of which affected, interstate commerce. Said enterprise was an association-in-fact consisting of the defendants and others known and unknown to the plaintiff, who are associated together for the common purpose of engaging in a course of conduct.

60. From at least, May 5, 2024 defendants, acting directly and indirectly, conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c).

61. The "racketeering activity," as defined by 18 U.S.C. § 1961(1), engaged in by defendants include mail fraud, in violation of 18 U.SC. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; bank fraud, in violation of 18 U.S.C. § 1344.

62. Defendants committed at least two acts of racketeering activity within ten years of each other, constituting a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5).

63. The predicate act acts of racketeering were related and continuous, and they amounted to and post a threat of continued criminal activity.

64. As a direct and proximate result of defendants' violation of 18 U.S.C. § 1962 (c), plaintiff has been injured in her business and/or property within the meaning of 18 U.S.C. § 1964 (c), including but not limited to loss of a substantial amount of money.

65. Pursuant to 18 U.S.C. § 1964(c), plaintiff is entitled to recover treble damages, costs of suit and reasonable attorney fees.

66. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT TWO**
**AS AND FOR A SECOND CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**FRAUD**

67. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

68. At all times herein, on or about June 1, 2025 defendants knowingly and willfully made false and material representations of fact to plaintiff including but not limited to investments in a scooter business, the financial condition of its' business, the quality of its' products, or defendants' intent to perform certain obligations.

69. Defendants knew the above representations were false at the time they were made, or made them with the reckless disregard for their truth or falsity.

70. Defendants made such misrepresentations with the intent to induce plaintiff to invest monies in their business, enter into a contract, and/or transfer monies to them.

71. Plaintiff reasonably and justifiably relied upon defendants' misrepresentations in taking the above-describe action.

72. As a direct and proximate result of defendants' fraudulent misrepresentations, plaintiff has sustained damages, including loss of funds invested, lost profits, and consequential damages.

73. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT THREE**
**AS AND FOR A THIRD CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**CONSPIRACY TO COMMIT FRAUD**

74. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

75. At all times herein, and as set forth above, defendants engaged in fraudulent conduct, including but not limited to knowingly and willfully making false and material representations of fact to plaintiff about investments in a scooter business, the financial condition of its' business, the quality of its' products, or defendants' intent to perform certain obligations.

76. In addition, on information and belief, defendants, acting in concert with each other and/or with others unknown to plaintiff, entered into an agreement and common scheme to commit the aforesaid fraud against plaintiff.

77. Each defendant knowingly and willfully participated in the fraudulent scheme, with knowledge of its' unlawful purpose, and took overt acts in furtherance of the conspiracy, including but not limited to accepting and sending monies via wire, mailing packages or gifts to plaintiff, managing plaintiff online financial accounts, making false statements, preparing fraudulent documents, and concealing material facts.

78. Plaintiff reasonably relied upon the fraudulent misrepresentations and omissions made by the defendants and thereby suffered damages.

79. As a direct and proximate result of defendants' conspiracy and overt acts in furtherance of the fraud, plaintiff has sustained damages in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT FOUR**
**AS AND FOR A FOURTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**BREACH OF CONTRACT**

80. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

81. At all relevant times, on or about June 1, 2025 plaintiff and defendant entered into a valid and enforceable contract whereby plaintiff would purchase and/or rent scooters and related hardware in exchange for residual income and profit. Defendant agreed to manage plaintiff's

investments and pay plaintiff investment income based on renting and/or purchasing scooters and related hardware, without regard to any third parties.

82. Plaintiff duly performed all of plaintiff's obligations under the agreement, including but not limited to making timely payments, certifying and acknowledging investments as required, providing necessary information and fulfilling required conditions.

83. Defendants breached the agreement by failing to pay plaintiff earned profits, initial monies invested, adequate management of plaintiff investments, access to plaintiff accounts, or otherwise failing to perform material obligations under the agreement.

84. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT FIVE**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**CONVERSION**

85. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

86. At all relevant times, plaintiff was the lawful owner of, and/or had the immediate right to possess, certain monies in excess of $6,700,000 (SIX-MILLION-SEVEN-HUNDRED-THOUSAND-DOLLAR) which were specific, identifiable, and entrusted to defendants.

87. Defendants, without authorization or justification, wrongfully exercised dominion and control over said monies wired to defendants and converted them to defendants' own use, to the exclusion of plaintiff's rights.

88. Defendants' wrongful acts were intentional and inconsistent with plaintiff's ownership and possessory rights in said monies.

89. As a direct and proximate result of defendants' wrongful conversion plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT SIX**
**AS AND FOR A SIXTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**UNJUST ENRICHMENT**

90. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

91. At all relevant times, defendants have been enriched by receiving investment monies and investment opportunities that rightfully belonged to plaintiff.

92. Defendants' enrichment was obtained at the expense of plaintiff, who conferred such benefit without adequate compensation.

93. Equity and good conscience require that defendants make restitution to plaintiff, as it would be unjust for defendants to retain the benefit conferred.

94. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**COUNT SEVEN**
**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**BREACH OF FIDUCIARY DUTY**

95. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

96. At all relevant times, defendants stood in a position of trust and confidence towards plaintiff, thereby owing plaintiff a fiduciary duty of loyalty, good faith, honesty, and fair dealing.

97. Defendants breached said fiduciary duties by, among other things, by diverting corporate opportunities for personal gain, negligently or intentionally mismanaging plaintiff's investments, failing to disclose material conflicts of interests, and misappropriating assets entrusted to them.

98. Defendants conduct was undertaken knowingly, willfully, and in bad faith, and was a direct and proximate cause of injuries to plaintiff.

99. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

100. In addition, defendants have been unjustly enriched by reason of their wrongful conduct, and equity requires the imposition of a constructive trust, accounting, and/or other equitable relief the Court deems just and proper.

**COUNT EIGHT**
**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

101. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

102. At all relevant times, defendants owed plaintiff a duty to exercise reasonable care so as not to expose plaintiff as unreasonable risk of financial loss.

103. Defendants breached that duty by negligently, recklessly, and carelessly breached their contract with plaintiff causing plaintiff extreme financial losses.

104. As a result of defendant's negligence, plaintiff was exposed to immediate risk of severe financial harm and exposed to the consequences of defendants' negligent conduct.

105. Defendants' negligence was a direct and proximate cause of plaintiff suffering severe emotional distress, including but not limited to sleeplessness, anxiety, depression and loss of enjoyment of life.

106. The emotional distress suffered by plaintiff was genuine, severe, and reasonably foreseeable as a consequence of defendants' negligence.

107. By reason of the foregoing, plaintiff has been damaged in the amount of $45,000,000 (Fourty-Five-Million-Dollars), together with interest, costs, and disbursements of this action.

**PRAYER FOR RELIEF**

***WHEREFORE***, plaintiff prays for judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;
(b) issue and Order finding defendants in violation of all allegations in each and every Count of this Complaint;
(c) award plaintiff compensatory damages of $45,000,000.00 (FOURTY-FIVE MILLION DOLLARS;
(d) award plaintiff punitive damages against defendants;
(e) award plaintiff damages pursuant to R.I.C.O. statute 18 U.S.C. § 1962 (d);
(f) hold defendants joint and severally liable for all damages;
(g) pre-judgment and post judgment interests as allowed by law;
(h) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;
(i) award plaintiff attorney fees and costs;
(j) make further Orders as the Court deem just, necessary, and proper.

Respectfully Submitted,

Renea Sutton

Ms. Renea Sutton, Plaintiff
Self-Represented
c/o BLM Legal Defense & Education Fund, Inc.
244 5th Avenue, Suite R237
New York, NY 10001
Phone: (917) 375-6084
Email: rsuttonnyc@yahoo.com