**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MS. RENEA SUTTON,<br>Plaintiff,<br><br>-against-<br><br>LIGHTNING SHARED SCOOTER COMPANY, LLC, LIGHTNIGHT SHARED SCOOTER CO., LTD., SEAN MICHAEL SPICER, STEPHON XAVIER MARBURY, NICHOLAS AARON YOUNG, JOHN OR JANE DOE #1, JOHN OR JANE DOE #2 JOHN OR JANE DOES #3-#20,<br><br>Defendants. | **MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**CIVIL ACTION**<br><br>**CASE NUMBER: 24-cv-07797**<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT SEAN MICHAEL SPICER'S**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………...………………..………..4, 5

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994)………………………………………7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………..…………..4, 5

*Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006)……………..……...9

*EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005)…………………………..…8

*Greene v. Esplanade Venture P'ship*, 36 N.Y.3d 513 (2021)……………………………………10

*In re Fyre Festival Litig*., 399 F. Supp. 3d 203, 215 (S.D.N.Y. 2019)……………………..…..8

*Johnson v. S.A. Acquis., LLC*, No. 22-943-cv, 2023 WL 3634149 (2d Cir. May 25, 2023)..........8

*Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 507 (1983)………………………………………10

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011)………………………...…9

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993)……………….………………5, 6

*Northeast Gen. Corp. v. Wellington Adv., Inc.*, 82 N.Y.2d 158 (1993)………...…………………9

*Phansalkar v. Andersen Weinroth & Co., LP*, 175 F. Supp. 2d 635, 638 (S.D.N.Y. 2001)………9

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)………………………………………………4, 7

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994)…………………………………5

*Taggart v. Costabile*, 131 A.D.3d 243, 14 N.Y.S.3d 388 (2d Dep't 2015)…………..………10

*Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000)…………………………………8

*Walter v. Drayson,* 538 F.3d 1244 (9th Cir. 2008)……………………………..…………7

**Statutes**

18 U.S.C. § 1962(c)…………………………………………………………………..………...7

**Rules**

Fed. R. Civ. P. 9(b)……………………………………………………………………1, 4, 5, 6, 7, 10

Fed. R. Civ. P. 12(b)(6)………………………………………..………………….1, 5, 7, 8, 10

## PRELIMINARY STATEMENT

Defendant Sean Michael Spicer, by and through his undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss all counts of Plaintiff's First Amended Complaint ("FAC") as asserted against him.

Plaintiff, proceeding *pro se*, has filed a "shotgun" pleading that improperly lumps Mr. Spicer, a public figure, together with a wide array of alleged co-conspirators in a purported investment scheme ("LSSC Enterprise"). While Mr. Spicer is sympathetic to the Plaintiff's position, in particular since LSSC Enterprise illegally used his name, image, and likeness in promoting their scheme, the FAC is simply entirely devoid of specific factual allegations that would render any claim against Mr. Spicer plausible. Instead, it relies on precisely the kind of conclusory statements and impermissible "group pleading" that the Supreme Court condemned in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The sum total of the allegations against Mr. Spicer is that he is a "public figure" (FAC ¶ 11) who served as a "public spokesperson" (FAC ¶ 12) and provided "video promotions" (FAC ¶ 48) that "induce[d]" Plaintiff to invest (FAC ¶ 49). These threadbare assertions fail to satisfy the heightened pleading standard for fraud under FRCP 9(b), which requires Plaintiff to plead the "who, what, when, where, and how" of the alleged fraud. The FAC provides no details about these "video promotions": it quotes no false statements, does not state when they were made or where they were broadcast, and, most critically, pleads no facts whatsoever to support the conclusory allegation that Mr. Spicer *knew* of the alleged fraud or intended to participate in it.

Furthermore, the FAC fails to allege that Mr. Spicer "participated in the operation or management" of the alleged RICO enterprise, a fatal flaw under *Reves v. Ernst & Young*, 507 U.S. 170 (1993). The remaining state-law claims for breach of contract, conversion, and breach

of fiduciary duty are equally deficient, as the FAC pleads no facts establishing any contractual, possessory, or fiduciary relationship between Plaintiff and Mr. Spicer.

Because the FAC fails to state a single plausible claim for relief against Mr. Spicer, all counts against him must be dismissed.

## ARGUMENT

## I. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Federal Rule of Civil Procedure 9(b)

Claims sounding in fraud—including Plaintiff's claims for RICO (based on mail and wire fraud), common law fraud, and conspiracy to commit fraud—are subject to the heightened pleading standard of Rule 9(b). *See, e.g.*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127 (2d Cir. 1994). This rule requires that "[i]n alleging fraud..., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Crucially, Rule 9(b) is not satisfied by "group pleading." A plaintiff cannot "lump" defendants together; they must "allege that *each* defendant made fraudulent statements." *Id.* at 1175 (emphasis in original).

## II. THE FRAUD-BASED CLAIMS (COUNTS 1, 2, AND 3) FAIL UNDER RULE 9(b)

Plaintiff's core claims against Mr. Spicer—RICO, Fraud, and Conspiracy to Commit Fraud—all fail because they do not come close to satisfying the particularity requirements of Rule 9(b).

The FAC improperly lumps Mr. Spicer with "all defendants" (*see* FAC, Headings for Counts 1-8). The only specific allegations directed at Mr. Spicer are that he was a "public spokesperson" (FAC ¶ 11) and provided "video promotions" (FAC ¶ 48). This is insufficient. The FAC fails to identify:

- **What** specific statements Mr. Spicer made in these "video promotions" that were false or misleading.
- **When** these videos were made or disseminated.
- **Where** these videos were published (the FAC mentions YouTube only in connection with "Professor Eric," *see* FAC ¶ 53).
- **Why** any such statements were fraudulent (i.e., that Mr. Spicer knew they were false).

Most importantly, the FAC fails to plead *scienter*. It pleads no facts to support an inference that Mr. Spicer knew about the "LSSC Enterprise," knew it was a fraudulent scheme, or intended to defraud the Plaintiff. The allegation that he "induce[d]" investment (FAC ¶ 49) is a legal conclusion, not a factual allegation. Such deficient, generalized pleading against a single defendant is grounds for dismissal. *See Mills*, 12 F.3d at 1175.

## III. THE RICO CLAIM (COUNT 1) FAILS UNDER RULE 12(b)(6)

In addition to failing Rule 9(b)'s particularity requirement for its predicate acts of mail and wire fraud, the RICO claim fails for the independent reason that the FAC does not plausibly allege Mr. Spicer "conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs" as required by 18 U.S.C. § 1962(c).

In *Reves v. Ernst & Young*, the Supreme Court held that to "participate in the conduct" of an enterprise's affairs, one "must have some part in directing those affairs." 507 U.S. 170, 179 (1993). Liability is reserved for those in the "operation or management" of the enterprise. *Id.* at 185.

Here, the FAC's own allegations place the "operation or management" of the LSSC Enterprise squarely with "John and Jane Does #3-#20" (e.g., "John, Mia, Francois, Danny, Ethan, Paul, Kevin and Professor Eric"), who allegedly "interacted with plaintiff" and "manag[ed]" the online platforms (FAC ¶¶ 50, 72). The allegation that Mr. Spicer was a "public spokesperson" who provided "video promotions" (FAC ¶¶ 12, 48) does not, as a matter of law, amount to participation in the *operation or management* of the alleged enterprise. *See, e.g.*, *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521–22 (2d Cir. 1994) (providing professional services is not operation or management); *see also, Walter v. Drayson,* 538 F.3d 1244 (9th Cir. 2008) ("Simply performing services for the enterprise, even professional services that are 'essential' to its operation, does not rise to the level of directing the enterprise's affairs."). The RICO claim must be dismissed.

## IV. THE REMAINING STATE LAW CLAIMS (COUNTS 4-8) FAIL

The FAC fails to plead any facts that would make Mr. Spicer liable for the remaining state-law torts. The FAC's only basis for federal jurisdiction is the RICO claim in Count 1. Because that claim is fatally deficient as to Mr. Spicer, the Court should dismiss it and decline to

exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction").

Even if the Court chooses to retain jurisdiction, all five state-law claims must be dismissed for failure to state a claim under Rule 12(b)(6).

**A. Count 4 (Breach of Contract) Fails to Allege the Existence of a Contract.**

Under New York law, the elements of a breach of contract claim are "(1) the existence of an agreement, (2) performance of the agreement by one party, (3) breach by the other party, and (4) damages." *Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000); *see also, Johnson v. S.A. Acquis., LLC*, No. 22-943-cv, 2023 WL 3634149, at *1 (2d Cir. May 25, 2023). The FAC fails on the very first element.

The FAC alleges Plaintiff entered into a contract "with defendants" (FAC ¶ 37, 100) to invest in scooter products. This is another example of impermissible group pleading. The FAC alleges no facts plausibly suggesting a "meeting of the minds," offer, acceptance, or consideration between *Plaintiff and Mr. Spicer*. It does not allege Mr. Spicer was a party to any agreement, signed any agreement, or even knew of any agreement. The claim is wholly conclusory and must be dismissed. *See, e.g., In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 215 (S.D.N.Y. 2019) (dismissing contract claim because “plaintiffs fail[ed] to allege that [the defendant] was a party to the contract... Indeed, Plaintiffs do not allege any 'specific agreement' between themselves and [this defendant].”).

**B. Count 7 (Breach of Fiduciary Duty) Fails to Allege a Fiduciary Relationship.**

A claim for breach of fiduciary duty requires "(1) the existence of a fiduciary duty, (2) a knowing breach of that duty, and (3) damages." *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005). The FAC fails to allege the existence of any such duty.

A fiduciary relationship is a "special relationship of trust and confidence" and is "fact-specific." *Id.* It is not created by a routine, arms-length business or investment transaction. *See Northeast Gen. Corp. v. Wellington Adv., Inc.*, 82 N.Y.2d 158 (1993). The allegation that Mr. Spicer was a "public spokesperson" (FAC ¶ 12) who provided "video promotions" (FAC ¶ 48) does not create a fiduciary relationship with Plaintiff, a member of the general public who claims to have seen those promotions. This is the "reductio ad absurdum" of a fiduciary duty claim. No such relationship exists as a matter of law.

### C. Counts 5 (Conversion) & 6 (Unjust Enrichment) Fail to Allege Mr. Spicer Received Any Benefit.

Plaintiff's claims for conversion and unjust enrichment fail for the same reason: the FAC never alleges that Mr. Spicer received or controlled *any* of Plaintiff's money.

To state a claim for conversion, a plaintiff must allege "unauthorized dominion" over specific, identifiable property owned by the Plaintiff. *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006); *see also, Phansalkar v. Andersen Weinroth & Co., LP*, 175 F. Supp. 2d 635, 638 (S.D.N.Y. 2001) (Plaintiff must show "legal ownership or an immediate superior right of possession to a specific identifiable thing"; and that the defendant "exercised an unauthorized dominion over the thing in question... to the exclusion of the plaintiff's rights."). The FAC alleges Plaintiff wired funds "to the defendants" (FAC ¶ 40), but pleads no facts that Mr. Spicer ever exercised dominion or control over that money or that the money was wired to or ever received by or under the control of Mr. Spicer in any way.

Similarly, an unjust enrichment claim requires alleging that "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Mandarin Trading Ltd. v.*

*Wildenstein*, 16 N.Y.3d 173, 182 (2011). The FAC is devoid of any allegation that Mr. Spicer *was enriched* at all, let alone at Plaintiff's expense. Both claims fail.

### D. Count 8 (Negligent Infliction of Emotional Distress) is Barred by New York Law.

Plaintiff's NIED claim is legally impossible. New York law "does not recognize a cause of action for negligent infliction of emotional distress" based on "purely economic loss." *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 507 (1983). Plaintiff alleges she suffered emotional distress *as a result of* "extreme financial losses" (FAC ¶¶ 122, 124). This is precisely the claim that the New York Court of Appeals has repeatedly forbidden.

Furthermore, NIED claims are "severely limited" in New York to three "very narrow" circumstances: (1) the "zone of danger" rule (fear of one's own physical safety); (2) the "bystander" rule (witnessing the death or serious injury of an immediate family member); or (3) the breach of a "special duty" owed to the plaintiff (e.g., a funeral home mishandling a relative's remains). *See Taggart v. Costabile*, 131 A.D.3d 243, 253, 14 N.Y.S.3d 388, 396 (2d Dep't 2015); *see also, Greene v. Esplanade Venture P'ship*, 36 N.Y.3d 513 (2021).

Plaintiff has not alleged—and cannot allege—any of these scenarios. Her claim is for financial loss. It is not viable under New York law and must be dismissed.

## CONCLUSION

Plaintiff's First Amended Complaint fails to plead any plausible claim for relief against Mr. Spicer. It substitutes conclusory accusations for factual allegations and fails to meet the basic pleading standards of Rule 12(b)(6) and the heightened standards of Rule 9(b). Accordingly, Defendant Sean Michael Spicer respectfully requests that this Court dismiss all claims against him with prejudice.

Dated: November 14, 2025

Respectfully submitted,

/s/ *Dusty D. Parson*

Dusty D. Parson
Versa Law
1050 Connecticut Ave, NW
Suite 500
Washington DC, 20034
(706) 248-0567
dparson@versalawfirm.com

*Attorney for Defendant Sean Michael Spicer*