| | |
|---|---|
| MS. RENEA SUTTON,<br>                    Plaintiff,<br><br><br>           v.<br><br><br>LIGHTNING SHARED SCOOTER<br>COMPANY, LLC, LIGHTNIGHT<br>SHARED SCOOTER CO., LTD., SEAN<br>MICHAEL SPICER, STEPHON XAVIER<br>MARBURY, NICHOLAS AARON<br>YOUNG, JOHN OR JANE DOE #1,<br>JOHN OR JANE DOE #2<br>JOHN OR JANE DOES #3-#20,<br><br>                    Defendants. | )<br>)<br>)<br>)  **PROPOSED RULE 502(d) ORDER**)<br>)<br>)  **CIVIL ACTION**<br>)<br>)<br>)<br>)  **CASE NUMBER: 25-cv-07797**<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>) |

## PROPOSED RULE 502(d) ORDER

1. **No Waiver.** The production of any documents, electronically stored information ("ESI"), or other information in this proceeding, whether inadvertent or otherwise, shall not constitute a waiver of the attorney-client privilege or work-product protection in this case or in any other federal or state proceeding.
2. **Maximum Protection.** Pursuant to Federal Rule of Evidence 502(d), this Order provides the maximum protection allowed by law and shall be enforceable against all persons and entities, regardless of whether the disclosing party took reasonable steps to prevent disclosure.
3. **Clawback.** Upon notification by a Producing Party that privileged or protected material has been produced, the Receiving Party shall, within five (5) business days, sequester, return, or destroy all copies of the identified materials and provide a written certification of compliance to the Producing Party.
4. **No Prejudice.** The fact of production shall not be used as a basis for a claim that the Producing Party has waived any privilege or protection. Nothing in this Order shall limit a party's right to challenge the underlying claim of privilege on its merits.

**SO ORDERED.**

Dated: January 21, 2026, New York, New York

**LEWIS J. LIMAN United States District Judge**

3