**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MS. RENEA SUTTON,<br>Plaintiff,<br><br>-against-<br><br>LIGHTNING SHARED SCOOTER COMPANY, LLC, LIGHTNIGHT SHARED SCOOTER CO., LTD., SEAN MICHAEL SPICER, STEPHON XAVIER MARBURY, NICHOLAS AARON YOUNG, JOHN OR JANE DOE #1, JOHN OR JANE DOE #2 JOHN OR JANE DOES #3-#20,<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEAN MICHAEL SPICER'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>**CIVIL ACTION**<br><br>**Case No. 25-cv-07797 (LJL)**<br>**Related Case No. 26-cv-08902 (LJL)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEAN MICHAEL SPICER'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS


**PRELIMINARY STATEMENT** ........ 4

**FACTUAL AND PROCEDURAL BACKGROUND** ........ 6

**A. Plaintiff's Allegations Against Mr. Spicer** ........ 6

**B. The Cameo Evidence and Discovery Responses Failed to Support Plaintiff's Allegations** ........ 6

**C. Plaintiff Admitted Her Lack of Supporting Evidence and Her Improper Purpose** ... 7

**D. The Court Dismissed Every Claim Against Mr. Spicer, and Plaintiff Did Not Amend** 8

**ARGUMENT** ........ 8

**I. The Court May Award Fees Where Claims Are Entirely Without Color and Pursued in Bad Faith** ........ 8

**II. Plaintiff's Claims Against Mr. Spicer Were Entirely Without a Colorable Basis** ...... 9

**III. Plaintiff Brought and Maintained the Claims in Bad Faith for an Improper Purpose** ........ 10

**IV. The Requested Award Satisfies But-For Causation and Prevents Duplicative Recovery** ........ 11

**V. The Requested Fees Are Reasonable Under the Lodestar Method** ........ 12

**CONCLUSION** ........ 13

# TABLE OF AUTHORITIES

## Cases

(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co., No. 21-cv-11096 (LJL), 2022 WL 2441046 (S.D.N.Y. Sept. 14, 2022) ..... 11
Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2008) ..... 13
Eisemann v. Greene, 204 F.3d 393 (2d Cir. 2000) ..... 8, 9, 10
Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101 (2017) ..... 11, 12
Lilly v. City of New York, 934 F.3d 222 (2d Cir. 2019) ..... 13
Millea v. Metro-North R.R. Co., 658 F.3d 154 (2d Cir. 2011) ..... 13
Sassower v. Field, 973 F.2d 75 (2d Cir. 1992) ..... 9
Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999) ..... 4, 8, 9, 10
Spicer v. Sutton, No. 1:26-cv-08902 (S.D.N.Y.) ..... 5, 12

## Statutes

N.Y. Civ. Rights Law § 70-a ..... 12

## Rules

Fed. R. Civ. P. 11 ..... 11
Fed. R. Civ. P. 36(a)(3) ..... 7
Fed. R. Civ. P. 36(b) ..... 7
Fed. R. Civ. P. 54(d)(2) ..... 4

# PRELIMINARY STATEMENT

Defendant Sean Michael Spicer ("Mr. Spicer") seeks attorneys' fees and costs under the Court's inherent authority and Federal Rule of Civil Procedure 54(d)(2). The record establishes both findings required for an award under the Court's inherent authority: (1) Plaintiff's claims against Mr. Spicer were entirely without a colorable basis from the filing of her First Amended Complaint ("FAC"); and (2) she brought and maintained those claims in bad faith, motivated by the improper purpose of leveraging his public profile to generate publicity or extract a nuisance settlement. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336–38 (2d Cir. 1999).

First, Plaintiff's claims against Mr. Spicer were entirely without a colorable basis. She alleged that he was a "public spokesperson" and "operator" of the "LSSC Enterprise" whose "video promotions" induced her investment. FAC ¶¶ 11–12, 14, 48–49. When challenged to substantiate those allegations, she asserted in her opposition that additional videos distributed through WhatsApp and "YouTube-like reels" supported her claims. Dkt. No. 31. Yet discovery yielded no additional video supporting those allegations and no financial record connecting Mr. Spicer to her alleged losses. Parson Decl. ¶ 2 & Ex. B. Plaintiff's binding admissions foreclose any suggestion that discovery merely failed to uncover evidence she reasonably expected to find. She admits that she possesses no evidence supporting the role she attributed to Mr. Spicer and that she maintained the action despite knowing she lacked evidence linking him to LSSC. Parson Decl. Ex. D, Reqs. 1, 2(a)–(b), 5(a)–(c), 6. She thus required Mr. Spicer to defend against allegations she knew she could not substantiate.

Second, Plaintiff brought and maintained those claims in bad faith for an improper purpose. She is bound by her admissions that she maintained this action "despite knowing" she lacked evidence linking Mr. Spicer to LSSC and that she filed it "to leverage his public profile to generate publicity or extract a nuisance settlement." Parson Decl. Ex. D, Reqs. 6, 8. The Court need not

infer Plaintiff's improper purpose from the failure of her claims alone. She has admitted that purpose, and her conduct confirms it. After alleging that Mr. Spicer promoted the investment as "stable, safe, and profitable," Plaintiff received his sworn declaration and the underlying Cameo materials documenting a personal message of encouragement containing none of those representations. She nevertheless continued pursuing him. In discovery, she acknowledged that she had never communicated with Mr. Spicer and produced no additional video supporting her allegations or financial record connecting him to her alleged losses. When counsel identified the deficiencies in her responses and sought to confer, she neither responded nor supplemented her production. *See infra* Background Parts A–B. Of the three individual public figures she named, Mr. Spicer was the only one she served and required to defend the action. Taken together, Plaintiff's binding admissions and conduct permit no reasonable inference of good-faith litigation. She knowingly maintained unsupported claims against Mr. Spicer to obtain publicity or extract a nuisance settlement. His public profile supplied the value she sought to exploit; the evidence supplied no basis for imposing liability on him.

Plaintiff's bad faith compelled Mr. Spicer to incur the expense of defending claims that were entirely without a colorable basis and brought for an admitted improper purpose. He therefore seeks all reasonable defense fees and costs incurred from the filing of the FAC on September 25, 2025 through entry of final judgment. Every reasonable expense of that defense was a cost he would not have incurred but for Plaintiff's misuse of this action. If the Court declines to award the full amount, Mr. Spicer alternatively seeks the fees and costs caused by her continued prosecution from the point at which the Court finds her conduct became sanctionable. Mr. Spicer also seeks recovery of certain fees and costs in his separate anti-SLAPP action, *Spicer v. Sutton*, No. 1:26-cv-08902, subject to an appropriate credit to prevent duplicative recovery. *See infra* Part IV.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Allegations Against Mr. Spicer

Plaintiff commenced this action on September 19, 2025, without naming Mr. Spicer. Six days later, she filed the FAC alleging that he was a "public spokesperson" and "operator" of the "LSSC Enterprise" whose "video promotions" induced her investment. Dkt. Nos. 1, 5; FAC ¶¶ 11–12, 14, 48–49. Mr. Spicer moved to dismiss on November 14, 2025. Dkt. No. 16.

In her December 29, 2025 opposition, Plaintiff asserted that Mr. Spicer had recorded multiple promotional videos presenting the investment as "stable, safe, and profitable," distributed through WhatsApp, "YouTube-like reels," and internal recruitment platforms. Dkt. No. 31 at 2.

### B. The Cameo Evidence and Discovery Responses Failed to Support Plaintiff's Allegations

On January 5, 2026, Mr. Spicer submitted his sworn declaration, booking materials, video transcript, and Cameo's investigation correspondence. Those materials documented a single booking for a personal message of encouragement. Neither the request nor the resulting video solicited investments, and the video contained none of the representations about safety or profitability Plaintiff attributed to him. Referring to the "growth of LSSC," Mr. Spicer added, "apparently that's a he," reflecting his unfamiliarity with the enterprise. Dkt. Nos. 33, 35-1.

Mr. Spicer served interrogatories and requests for production on February 26, 2026, seeking the alleged videos, evidence connecting him to LSSC, and support for Plaintiff's claimed losses. Plaintiff acknowledged that she had never communicated with him. She could produce neither the alleged videos nor documents showing when or where she viewed them, attributing their unavailability to BonChat's shutdown. Her cryptocurrency-transfer records and damages calculations did not connect Mr. Spicer to her alleged losses. Parson Decl. ¶ 2 & Ex. B.

On June 1, 2026, counsel sent Plaintiff an itemized deficiency letter and proposed two times to meet and confer. Plaintiff neither responded nor supplemented her discovery responses. Parson Decl. Exs. B, C. Mr. Spicer's June 9 motion to compel remained unresolved when the Court dismissed the claims against him.

### C. Plaintiff Admitted Her Lack of Supporting Evidence and Her Improper Purpose

On June 26, 2026, Mr. Spicer served a second set of requests for admission addressing his alleged relationship with LSSC, the basis for Plaintiff's claims, and her reasons for naming him. The requests expressly warned that unanswered requests would be deemed admitted. Parson Decl. Ex. D at 1. Plaintiff never responded. Parson Decl. ¶ 5. The matters were therefore admitted under Rule 36(a)(3) upon expiration of the applicable response period. Plaintiff has never moved to withdraw or amend those admissions, which remain conclusively established in this action under Rule 36(b).

Plaintiff admitted that she maintained the action "despite knowing" she lacked evidence linking Mr. Spicer to LSSC and filed the FAC against him "to leverage his public profile to generate publicity or extract a nuisance settlement." Parson Decl. Ex. D, Reqs. 6, 8.

She also admitted possessing no evidence that Mr. Spicer held any position, title, or relationship with LSSC or served as its "public spokesperson" or "operator." *Id.*, Reqs. 1, 2(a)–(b). The only video anyone has produced is the Cameo clip Mr. Spicer supplied, containing generic encouragement rather than evidence of enterprise participation. *Id.*, Reqs. 5(a)–(c). She nevertheless asserted a $47,482,674.94 damages claim against him without financial records attributing any loss to him. *Id.*, Reqs. 7, 7(a). Finally, Plaintiff admitted that her failure to cooperate in discovery or participate in mandatory meet-and-confer conferences directly caused Mr. Spicer to incur unnecessary attorneys' fees. *Id.*, Req. 11.

### D. The Court Dismissed Every Claim Against Mr. Spicer, and Plaintiff Did Not Amend

On July 10, 2026, the Court dismissed every claim against Mr. Spicer, identifying deficiencies in the alleged fraud, enterprise participation, and relationships or conduct necessary to support the remaining claims. Dkt. No. 52 at 8–34. In dismissing unjust enrichment, the Court explained that, absent plausible allegations of knowledge or participation in the fraud, "the facts as alleged only permit the plausible inference that Spicer was a good-faith service provider." *Id.* at 28–29.

Plaintiff did not amend by the September 8 deadline. The Court dismissed the claims against Mr. Spicer with prejudice on October 2, 2026, and entered final judgment on October 28 following disposition of the claims against the remaining defendants. Dkt. No. 52 at 34; Dkt. Nos. 54, 56, 57.

## ARGUMENT

### I. The Court May Award Fees Where Claims Are Entirely Without Color and Pursued in Bad Faith

An award of attorneys' fees under the Court's inherent authority requires clear evidence that the challenged claims were entirely without color and were brought or pursued in bad faith, motivated by an improper purpose such as harassment or delay. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336–38 (2d Cir. 1999); *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000). A claim is entirely without color when it lacks any legal or factual basis. The inquiry is whether a reasonable litigant could have concluded that supporting facts might be established, not merely whether those facts ultimately were established. *Schlaifer Nance*, 194 F.3d at 337.

Bad faith may be inferred from conduct so completely without merit that it requires the conclusion that the conduct was undertaken for an improper purpose. The Court must make findings characterized by a high degree of specificity. *Id.* at 338; *Eisemann*, 204 F.3d at 396.

Plaintiff's pro se status does not preclude an award under the Court's inherent authority. *Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir. 1992). The requested award rests on her admitted knowledge and improper purpose, rather than unfamiliarity with pleading requirements or an unsuccessful attempt to state a claim.

## II. Plaintiff's Claims Against Mr. Spicer Were Entirely Without a Colorable Basis

Plaintiff alleged that Mr. Spicer was LSSC's "public spokesperson" and "operator" and that his promotional videos induced her investment. FAC ¶¶ 11–12, 14, 48–49. Her binding admissions establish that she possesses no evidence supporting those alleged positions or relationships and maintained the action despite knowing she lacked evidence linking him to LSSC. Parson Decl. Ex. D, Reqs. 1, 2(a)–(b), 6. Those admissions distinguish this case from an unsuccessful effort to establish facts a litigant reasonably believed existed.

The Cameo materials documented a personal message of encouragement containing none of the investment representations Plaintiff attributed to Mr. Spicer. Dkt. Nos. 33, 35-1. In discovery, Plaintiff produced no additional video supporting her allegations and no financial record connecting him to her losses. Parson Decl. ¶ 2 & Ex. B. She attributed the missing videos to BonChat's shutdown, but that explanation does not answer her admission that she knowingly maintained the action without evidence supporting Mr. Spicer's alleged role. Parson Decl. Ex. D, Reqs. 1, 2(a)–(b), 6. The deficiency was therefore broader than an inability to retrieve particular videos: Plaintiff lacked evidence connecting Mr. Spicer to the conduct for which she sought to hold him liable.

The deficiencies extend across Plaintiff's theories of liability. The Court identified the absence of facts supporting operation or management of the enterprise, fraudulent intent, or an agreement to participate in the fraud. Dkt. No. 52 at 8–18. It separately rejected the contract, negligence, fiduciary-duty, and property-based theories for failure to allege the relationships, duties, or conduct necessary to impose liability on Mr. Spicer. *Id.* at 18–33. Plaintiff's discovery responses and binding admissions confirm the absence of evidence supporting the role she attributed to him or connecting him to her alleged losses. Parson Decl. ¶ 2 & Ex. B; Ex. D, Reqs. 1, 2(a)–(b), 5(a)–(c), 6, 7, 7(a).

Dismissal alone would not establish that the claims were entirely without color. *Schlaifer Nance*, 194 F.3d at 337. Here, however, the Court also has the materials documenting Mr. Spicer's actual conduct and Plaintiff's admissions that she knowingly maintained the action without evidence supporting his alleged role. That record establishes that the claims were entirely without a colorable basis.

### III. Plaintiff Brought and Maintained the Claims in Bad Faith for an Improper Purpose

Plaintiff admitted that she filed the FAC against Mr. Spicer "to leverage his public profile to generate publicity or extract a nuisance settlement" and maintained the action "despite knowing" she lacked evidence linking him to LSSC. Parson Decl. Ex. D, Reqs. 6, 8. The Court therefore need not infer improper purpose from the failure of her claims. Plaintiff has admitted that purpose, as well as her knowledge that she lacked evidence supporting their continued prosecution. Those admissions provide the specific factual basis for a finding of bad faith required by *Schlaifer Nance* and *Eisemann*. *Schlaifer Nance*, 194 F.3d at 336–38; *Eisemann*, 204 F.3d at 396.

In *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, this Court awarded Rule 11 sanctions but declined to impose sanctions under its inherent authority because the unsupported

allegations did not establish bad faith or an improper purpose. No. 21-cv-11096 (LJL), Dkt. No. 101 at 14–16 (S.D.N.Y. Sept. 14, 2022) WL 2441046. Here, Plaintiff has admitted the improper purpose that was missing in *Pharma Connect*: obtaining publicity or extracting a nuisance settlement from Mr. Spicer. Parson Decl. Ex. D, Req. 8.

Her conduct corroborates those admissions. After receiving Mr. Spicer's sworn declaration and the Cameo materials, Plaintiff continued to attribute investment representations and enterprise participation to him without producing evidence supporting either allegation. When counsel identified the deficiencies in her discovery responses and sought to confer, she neither responded nor supplemented her production. Dkt. Nos. 33, 35-1; Parson Decl. ¶ 2 & Exs. B, C. Considered with her admitted knowledge and purpose, that conduct permits no reasonable inference of good-faith prosecution. Plaintiff knowingly required Mr. Spicer to bear the expense of defending unsupported claims to obtain the publicity or nuisance settlement she admitted seeking.

## IV. The Requested Award Satisfies But-For Causation and Prevents Duplicative Recovery

An inherent-power fee award must be compensatory rather than punitive and is limited to expenses that would not have been incurred but for the sanctioned misconduct. Where a plaintiff initiates an action in complete bad faith and every defense expense is attributable to that conduct, the Court may award all reasonable defense fees. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–11 (2017).

Mr. Spicer seeks that relief here. Plaintiff admitted filing the FAC against him to generate publicity or extract a nuisance settlement and maintaining the action despite knowing she lacked evidence linking him to LSSC. Parson Decl. Ex. D, Reqs. 6, 8. Those admissions and the absence of factual support described in Part II warrant a finding that the claims were entirely without color and brought in bad faith from the outset. The misconduct was the bringing and maintenance of the

claims themselves. Every reasonable expense of defending those claims from the FAC's filing through final judgment would not have been incurred but for that misconduct.

Alternatively, if the Court declines to find that the claims were sanctionable from their inception, Mr. Spicer requests the reasonable fees and costs caused by Plaintiff's knowing continuation of unsupported claims after receiving his sworn declaration and the Cameo materials, considered together with her subsequent discovery responses and binding admissions. The accompanying records separately identify the fees and costs incurred after those submissions and the expenses incurred addressing Plaintiff's deficient discovery responses, attempting to confer, and moving to compel. Parson Decl. ¶ 11. Plaintiff expressly admitted that her discovery failures caused unnecessary attorneys' fees. *Id.*, Ex. D, Req. 11. To the extent the Court finds those failures were undertaken in bad faith, Mr. Spicer requests the expenses they caused. These alternative calculations permit an award confined to the period or conduct the Court finds sanctionable, without duplicating any expense. *See Goodyear*, 581 U.S. at 110–11.

Mr. Spicer also seeks fees for defending the state-law claims in his separate action under New York Civil Rights Law § 70-a, *Spicer v. Sutton*, No. 1:26-cv-08902 (S.D.N.Y.). Any recovery of overlapping fees or costs in either action will be credited against recovery of the same expenses in the other.

## V. The Requested Fees Are Reasonable Under the Lodestar Method

The lodestar is calculated by multiplying reasonable hours by reasonable hourly rates. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011); *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). A reasonable rate reflects what a paying client would pay, mindful of spending the minimum necessary to litigate effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

Mr. Spicer requests $50,235.00 in attorneys' and paralegal's fees and expenses. The accompanying declaration identifies each professional's qualifications, role, requested rate, hours, and resulting subtotal, and explains why the rates and work performed were reasonable for this defense. Parson Decl. ¶¶ 7–10. The supporting records identify the dates, time expended, and tasks performed, and separately itemize the requested expenses. *Id.*, Exs. G–H. Work attributable to prosecuting the separate action against Plaintiff is excluded from this request. *Id.* ¶¶ 6, 10. The declaration also provides alternative calculations corresponding to the periods and categories of misconduct addressed in Part IV. *Id.* ¶ 11 (totaling $23,420.00).

## CONCLUSION

Mr. Spicer respectfully requests an award of his reasonable attorneys' fees and costs incurred defending the claims against him from the filing of the FAC on September 25, 2025 through entry of final judgment. Alternatively, he requests the fees and costs attributable to the continued prosecution or particular misconduct the Court finds sanctionable. Mr. Spicer further requests entry of judgment against Plaintiff in the amount awarded and such other relief as the Court deems appropriate.

Dated: Washington, D.C.
November 11, 2026

Respectfully submitted,

VERSA LAW

By: Dusty Parson

Dusty D. Parson
(admitted pro hac vice)
1050 Connecticut Ave, NW, Suite 500
Washington, DC 20036
Telephone: (706) 248-0567
dparson@versalawfirm.com

Attorneys for Defendant Sean Michael Spicer